# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JASON ERIC COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 16-2950-STA-egb |
| ) | |
| CITY OF MEMPHIS and ) | |
| T. HILL, Detective, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CLAIMS,
## CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 5, 2016, Plaintiff Jason Eric Cooper, who at the time of filing was a pre-trial detainee at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma* pauperis. The Court granted Cooper leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). The Clerk is instructed to record the Defendants as the City of Memphis[1] and Detective T. Hill.

## BACKGROUND

This case involves a domestic dispute that resulted in a criminal indictment against Plaintiff Jason Eric Cooper. According to the Complaint, Cooper shares a residence with his girlfriend Tiffany Upkin. (Compl. at 2, ECF No. 1.) While Cooper was serving a seven-month

---

[1] The Court construes claims against the Memphis Police Department as claims against the City of Memphis. The Clerk is **DIRECTED** to remove Memphis Police Department as a defendant and add the City of Memphis as the correct party.

sentence on an unspecified charge, Ms. Upkin permitted her aunt and two of her aunt's adult sons to live in the home Ms. Upkin shared with Cooper. (ECF No. 1-1 at 1.) Upon Cooper's release from jail, Cooper asked Ms. Upkin's aunt and her sons to move out. (*Id.*) On March 20, 2016, Cooper took matters into his own hands and locked the unwanted guests out of the house. (*Id.*) Cooper alleges that the aunt called the police. (*Id.*) The following day Cooper came home to find that someone had broken into the house and "trashed" it. (*Id.*) Cooper also received threatening phone messages from the aunt's sons. (*Id.*) Cooper did not know the names of the aunt's sons, and so he decided to pay for the damage to the house himself. (*Id.*)

The remainder of the Complaint is not as clear. In the handwritten statement attached to his Complaint, Cooper alleges that police arrested him on August 1, 2016, and charged him with burglarizing the residence and assaulting his girlfriend and her aunt, presumably in March 2016. The Complaint states that Detective T. Hill ("Det. Hill") of the Memphis Police Department prepared a police report dated March 21, 2016, in which Det. Hill stated that Cooper's girlfriend had called the police to report a domestic disturbance. (*Id.*) Cooper alleges that police charged him with violating his probation over the incident and took him into custody. (*Id.*) The state court records indicate that on August 2, 2016, Cooper was charged with vandalism, stalking, theft of property, domestic assault, and two counts of aggravated burglary. (https://cjs.shelbycountytn.gov; case nos. 161235 19-02, 03, and 04) and that a grand jury indicted Cooper on the same charges on December 15, 2016, case no. C1600774.

Cooper now alleges that Det. Hill falsified his March 21, 2016 report. Although the police claimed to have photographs showing injuries to Cooper's girlfriend, Ms. Upkin stated at the preliminary hearing that she was not at home and denied that Cooper had beaten her. (*Id.*) Cooper contends the preliminary hearing was continued for three weeks in an effort to allow the

2

police to cover-up the case. (*Id.*) According to Cooper, the case eventually vanished from the system. (*Id.*) Cooper believes that the police are retaliating against him for Cooper's earlier refusal to become an informant. (*Id.* at 2.) Cooper alleges that unnamed police officers previously framed him for burglary and have continued to harass him for the last five to six years. (*Id.*) Cooper now seeks $5 million dollars in compensatory damages, the expungement of his criminal record, and a plane ticket to another state. (Compl. at 3, ECF No. 1.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) pleadings standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief. " *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)

nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

Cooper filed his Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court analyzes each of Cooper's claims against each Defendant separately.

**I. Claims against the City of Memphis**

First, Cooper has named the City of Memphis as a party to this action. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two

4

distinct issues: (1) whether a plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Complaint fails to allege any facts to show why the City of Memphis is responsible for a purported violation of Cooper's constitutional rights. A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978). A plaintiff must show that there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* at 691-92. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Cooper has failed to allege the existence of any municipal policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *E.g., Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004). Rather than identify an official policy or custom which caused his alleged injury, Cooper apparently sues the City of Memphis because the City of Memphis employed a person who allegedly violated Cooper's rights. These allegations fail to state a claim

5

for municipal liability against City of Memphis. Therefore, Cooper's *pro se* Complaint is **DISMISSED** as to the City of Memphis.

**II. Claims Against Det. Hill**

Cooper alleges that Det. Hill falsified information in a police report concerning the events of March 21, 2016. The Complaint suggests that Det. Hill's conduct was consistent with a larger conspiracy of police officers to retaliate against Cooper for refusing to work as a police informant. The Complaint does not name Det. Hill as a member of the conspiracy and does not name any other members of the alleged conspiracy. Cooper only vaguely refers to the object of the conspiracy and other overt acts taken in furtherance of the conspiracy. As for Det. Hill's role in the current proceedings against Cooper, Cooper does not allege that Det. Hill placed him under arrest or had any role in the prosecution against Cooper other than preparing the police report. The Complaint does not even indicate whether Det. Hill's report had any connection to Cooper's arrest months later in August 2016 or in the grand jury's indictment of Cooper in December 2016. The Court holds that Cooper's claims against Det. Hill are subject to dismissal for these reasons alone.

Even if the Court granted Cooper an opportunity to amend his pleadings and cure these omissions, Cooper would still not be able to state a claim for relief. The Court cannot enter an order that would have the effect of dismissing or otherwise interfering with Cooper's ongoing criminal proceedings in state court. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction

falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.
>
> *Id.* at 46.

Irreparable injury may be found only where the statute under which a defendant is charged is "flagrantly and patently violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief." *Mitchum v. Foster*, 407 U.S. 225, 231 (1972) (internal quotation marks, ellipses and citations omitted). In this case, Cooper has not alleged any unusual or extraordinary circumstances that the state court cannot remedy in the course of the underlying criminal proceedings against Cooper. Therefore, any claim against Det. Hill concerning the validity of the ongoing prosecution against Cooper must be **DISMISSED**.

**III. Compensatory and Injunctive Relief Based on Cooper's Pending Criminal Charges**

Finally, Cooper's Complaint requests money damages and an order expunging his criminal record. The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994) that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

7

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted). Thus, a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. *Id.* at 481-82; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

The Complaint fails to state a claim for money damages or expungement. Insofar as Cooper seeks relief arising from his current prosecution or imprisonment, such claims are not yet ripe. Cooper has not even been convicted of the current charges much less had a conviction set aside or overturned. As such, *Heck* bars any claim for damages or expungement for the current charges against Cooper. Likewise, to the extent that Cooper seeks damages or expungement of a prior conviction, Cooper has not shown that any prior conviction was overturned. On the contrary, the Complaint alleges that Cooper was taken into custody in this instance for violating his probation. Any adjudication of Cooper's § 1983 claims related to prior conviction would necessarily include a finding that the state court proceedings against him were invalid. Therefore, Cooper's prayer for money damages and expungement must be **DISMISSED**.

**IV. Leave to Amend**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court holds that an amended pleading could not cure the deficiencies in Cooper's Complaint. Therefore, leave to amend is **DENIED**.

## CONCLUSION

The Court **DISMISSES** Cooper's *pro se* Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to Amend is **DENIED**.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must consider whether an appeal by Cooper would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Cooper would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Cooper nevertheless appeals the dismissal of his case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th

Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Cooper is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and, to the extent Cooper is incarcerated, a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the second dismissal of one of Cooper's cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 13, 2018.

---

[2]*Cooper v. City of Memphis*, Case No. 09-cv-2866-JDT-cgc (W.D. Tenn. Feb. 8, 2010) (dismissed for failure to state a claim).